UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHRISTOPHER WILLIAMS,

      Petitioner,

                                        Case No. 10-11003

v.

                                        Honorable Patrick J. Duggan

NICK LUDWICK,

      Respondent.

_____/

### ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION AND PETITIONER'S MOTION FOR DEFAULT JUDGMENT

On March 12, 2010, Michael Christopher Williams ("Petitioner"), a state prisoner currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Before the Court is Petitioner's Motion for Immediate Consideration and his Motion for Default Judgment. For the reasons set forth below, the Court denies both motions.

**A. Petitioner's Motion for Immediate Consideration**

Petitioner asserts that his "life has been placed at risk because he's in a high security level where violence is random." He requests that the Court therefore address his petition immediately. Petitioner must persuade the Court that there is a need for immediate review of his habeas petition by demonstrating an independent basis for such consideration. *See Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998). In

determining whether the habeas petition should be immediately considered, the Court looks at any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision to grant or deny habeas relief. *See Media Access Project v. FCC*, 883 F.2d 1063, 1071 (D.C. Cir. 1989). Petitioner has not shown good cause to expedite a ruling on his habeas petition. Petitioner has not identified a specific threat to his safety or any other reason justifying expedited review. The Court therefore denies his Motion.

**B. Petitioner's Motion for Default Judgment**

Petitioner asserts that Respondent has failed to timely file an answer to his petition for a writ of habeas corpus. Petitioner is mistaken. The Court ordered Respondent to file an answer by October 19, 2010, and Respondent filed his answer that day. It is also well-established that a default judgment is unavailable in a federal habeas proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Immediate Consideration is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's Motion for Default Judgment is **DENIED**.

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Dated: March 17, 2011
Copies to:

John S. Pallas, A.A.G.
Magistrate Judge R. Steven Whalen

Michael Christopher Williams, #237164
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846